IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD IBUADO,

    Plaintiff,

vs.                                                                        Civ. No. 03CV1097MCA/ACT

**CARLOS VALDEZ, BOBBY**
**VARELA and VENESA RIOS**

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendants' Motion for Judgment on the Pleadings and for Summary Judgment filed January 7, 2004. Docket No. 15. No response was filed. This case was referred to the undersigned United States Magistrate Judge on September 29, 2003 to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1). Having considered the pleadings and the relevant law, the Court recommends that Plaintiff's state law claims be dismissed with prejudice and Plaintiff's federal claims be dismissed without prejudice.

## PROPOSED FINDINGS

1.    This is a *pro se*, *in forma pauperis* civil rights action brought under 42 U.S.C. §1983 by Plaintiff Edward Ibuado. Plaintiff is incarcerated at the Southern New Mexico Correctional Facility

1

in Las Cruces, New Mexico. Plaintiff alleges that on August 13, 2003, Defendants Bobby Varela ("Varela") and Venesa Rios ("Rios") used excessive force and injured him. Specifically, Plaintiff alleges when he was told he would be moving from A Pod to B Pod, he asked to pack his own property. Plaintiff alleges that Varela was upset about this and grabbed him, choked him and forced him to lie on his stomach in full restraints. Plaintiff alleges that Rios pushed his legs toward his back. Plaintiff alleges that Varela put his knee on his neck and face. Once his legs were uncuffed, Plaintiff alleges Varela pushed the side of Plaintiff's face causing his right eyebrow to slam into the concrete floor.

2.  Plaintiff also alleges that Defendant Carlos Valdez ("Valdez") knew that Varela and Rios were physically abusive and failed to take any against for their excessive use of force. Plaintiff further alleges that Defendants' actions violated the Eighth Amendment prohibiting cruel and unusual punishment and the Due Process Clause of the Fourteenth Amendment. Plaintiff alleges state law claims of assault, battery and negligence. Plaintiff seeks injunctive relief and compensatory and punitive damages.

<u>Legal Standard</u>.

3.  Defendants assert in their Motion they are seeking a judgment on the pleadings regarding Plaintiff's state law claims and summary judgment on Plaintiff's federal law claims. A motion to dismiss for failure to state a claim tests the legal sufficiency of that claim, not the supporting facts. A complaint may be dismissed only if the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *David v. City and County of Denver*, 101 F.3d 1352 (10th Cir. 1996) cert. denied 522 U.S. 858 (1997).

4.  A motion for summary judgment may be granted only when there is no genuine issue

as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Munoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000)(quoting Rule 56(c)). A fact is material if, under the governing law, it could have an affect on the outcome of the lawsuit. *Sports Unlimited, Inc. v. Lankford Enterprises, Inc.*, 275 F.3d 996, 999 (10th Cir. 2002)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

5. In making a recommended disposition in this matter the Court is mindful that the Plaintiff is *pro se*. However, the fact that he is *pro se* does not relieve him from following the same rules of procedure as any other litigant. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Thus, Plaintiff is not relieved from filing a response to Defendants' Motion. As Plaintiff's Complaint alleges facts based on Plaintiff's personal knowledge and has been sworn under penalty of perjury, it will be considered by the Court as an affidavit *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Discussion.

*State claims*.

6. Plaintiff alleges three state law claims. Plaintiff alleges the Defendants committed assault and battery and were negligent. The New Mexico Tort Claims Act requires a waiver of immunity before any public employee can be sued in a tort action. NMSA 1978 41-4-4(A)(Repl. Pamp. 1989).

7. Plaintiff has not pointed out in his Complaint any waiver of immunity that would allow him to sue the Defendants for the torts of assault, battery or negligence. In reviewing the Tort Claims

3

Act, the only possible waiver of immunity is in §41-4-12, "Liability; law enforcement officers." This section waives immunity for certain torts, including assault and battery "when caused by law enforcement offices while acting within the scope of their duties. *Id*. at §41-4-12. In addressing this issue, the courts in New Mexico have specifically found that correctional officers are not law enforcement officers as defined in the New Mexico Tort Claims Act. *Callaway v. New Mexico Department of Corrections*, 117 N.M. 637, 875 P.2d 393 (Ct. App. 1994) *cert. denied*, 118 N.M. 90, 879 P.2d 91 (1994); *Anchodo v. Corrections Department*, 100 N.M.108-9, 666 P.2d 1255 (1983)(Secretary of Corrections and state penitentiary warden are not law enforcement officers within the meaning of the Tort Claims Act).

8. Moreover, there is no waiver of immunity for negligence in this matter. Liability only attaches if the public employee's negligent acts or omissions meet or fit into one of the waivers of immunity. *Gallegos v. State*, 107 N.M. 349, 758 P.2d 299 (Ct. App. 1987). The waivers of immunity are listed in §§41-4-5 to 41-4-12. As discussed above, there are no waivers for immunity in the Tort Claims Act that apply to the facts in Plaintiff's Complaint.

*Exhaustion of remedies*.

9. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a) requires inmates to exhaust their administrative remedies. 42 U.S.C. §1997e(a)(1). "In a §1983 action, the burden is on an inmate to sufficiently plead exhaustion of grievance proceedings, which includes supplying supporting information or documentation on administrative remedies prior to filing an action under §1983." *Schelin v. Haun*, 2004 U.S. App. LEXIS 3828 (February 27, 2004). Moreover, failure to complete a grievance process bars the inmate from pursuing a §1983 claim. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002).

10. In this matter, Plaintiff asserted in his Complaint that he exhausted his administrative remedies and his grievance was denied. Plaintiff did not attach any documents. Nor did Plaintiff "describe with specificity the administrative proceeding and its outcome." *Steele v. Fed. Bur. of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003). In Defendants' Motion, they submitted affidavits with supporting documents demonstrating that Plaintiff failed to exhaust his administrative remedies. The undisputed facts show the following. Plaintiff filed a grievance against Varela regarding his alleged use of excessive force on August 12, 2003. On August 19, 2003, the Grievance Officer recommended that the grievance be denied. On August 22, 2003, the Warden found that the policy and procedures were followed. Pursuant to the Department's policies and procedures regarding grievance, the final step of a grievance is the inmates' appeal from the Warden to the Department level for final review and decision. Corrections Department Number CD-150500 and CD-150501.

11. The evidence before the Court shows that Plaintiff did not further appeal. The Grievance Officer did not receive an appeal. The portion of the Grievance Form for such an appeal is blank. Neither the Grievance Officer or the Plaintiff completed that portion of the Grievance Form. The log showing all grievance appeals shows that Plaintiff never filed a grievance appeal. In the grievance discussed above, the Plaintiff did not name Rios. He did however allege that another officer had been involved in the August 12, 2003 incident. Plaintiff did file a grievance against Varela and Rios for stealing or misplacing his properly when he was moved between pods. Again, the record demonstrates that after the Warden denied the grievance, Plaintiff failed to appeal. Moreover, the claim in this matter is excessive force, not stolen property. Finally, the record demonstrates that Plaintiff never filed a grievance against Valdez. 12. As Plaintiff failed to submit any

5

documentation regarding his grievance concerning the underlying matter in this lawsuit and Defendants have submitted undisputed affidavits and documentation that Plaintiff failed to exhaust his administrative remedies, his federal claims should be dismissed without prejudice.

## **RECOMMENDED DISPOSITION**

I recommend that Plaintiff's Complaint filed September 19, 2003 be dismissed and that Plaintiff's state law claims be dismissed with prejudice and Plaintiff's federal claims be dismissed without prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**